## DEERMAN *v.* SMITH.

*(Supreme Court, General Term, Third Department.* February 24, 1890.)

PLEADING—FRIVOLOUS ANSWER.

A complaint alleged that plaintiff assigned a certificate of purchase of state lands to defendant, and also gave him a chattel mortgage to secure him for indorsing plaintiff's note, and that plaintiff paid the note, and requested a reassignment of the certificate and satisfaction of the mortgage, which defendant refused. The relief asked was that defendant be compelled to deliver up the certificate and satisfy the mortgage. The answer alleged that defendant refused to execute the papers because he did not know their force. *Held,* that a motion for judgment on the frivolousness of the answer was properly granted, and that, defendant not having asked time to consult his counsel, but positively refusing to sign the papers, he was rightly charged with costs of the motion and of the action.

Appeal from special term, Ulster county.

Action by Catherine E. Deerman against Gardiner Smith. The complaint, verified August 27, 1889, sets forth that plaintiff was the owner of a certificate of sale issued by the state engineer entitling her to purchase certain lands from the state, for which she paid $1,000, and gave her bond for $2,000 more; that she assigned this, October 27, 1884, to defendant, to secure defendant for indorsing a note of hers of $700; that she has paid the note in full, and since such payment has requested the reassignment of the certificate, which defendant refused. That, as additional security, she also gave defendant, May 13, 1887, a chattel mortgage, which she has paid, and of which she demanded a satisfaction, which defendant refused. The complaint asks as relief that defendant be adjudged to deliver up the assignment and satisfy

the mortgage. The answer avers that defendant paid the last renewal of said note, for which plaintiff became indebted to him in $300, and $32 money loaned, and says that the chattel mortgage was given to secure this debt of $332; that, on receiving this chattel mortgage, defendant elected to hold this as security, and virtually canceled the assignment of the certificate; that defendant sold part of the mortgaged property, and thus paid the mortgage debt, and the residue of the property was returned to plaintiff; that when the papers were presented to him, July 18, 1889, supposed to be the reassignment and the satisfaction piece, he did not know their force, and, as there was a litigation between him and plaintiff, he did not sign them; that on the 3d day of August, 1889, he tendered to plaintiff a release, attached to a copy of the certificate of sale, which contained a consent that one Brodhead deliver the original to the plaintiff; that plaintiff refused to accept it, unless the costs were paid. He denies that he has refused to cancel the agreement or satisfy the mortgage, except as above explained. A motion was made by plaintiff for judgment on the frivolousness of the answer, and judgment was granted, with $10 costs of motion, and costs of the action. Defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*James S. McPherson*, (*John E. Van Etten*, of counsel,) for appellant. *Linson & Van Buren*, (*A. H. Van Buren*, of counsel,) for respondent.

LEARNED, P. J. The plaintiff is undoubtedly entitled to the judgment asked for, notwithstanding the answer, because nothing therein shows any right to retain the assigned certificate, or to keep the mortgage as an apparent lien. But the defendant makes certain allegations which, though immaterial on the merits, might have some bearing on the question of costs. The defendant attempts to excuse himself for not signing the papers as requested. But he does not say that he gave this excuse to the plaintiff, or requested time to consult his counsel. In all fairness, he should have explained, when the request was made to him, the reason why he declined to sign the papers. If he had needed advice as to their effect, he should have stated this, and asked for time before deciding whether to sign or not. All that he says is that he did not know the full force of the papers. This might be an excuse for waiting till he could consult his lawyer, but it did not excuse a positive refusal. Costs in equity cases are in the discretion of the trial court, and we ought seldom to interfere with the decision. Assuming the truth of the defendant's answer, we think the court justified in imposing costs. Judgment affirmed, with costs. All concur.